```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

NICHOLAS TROBOVIC,

    Plaintiff,

    v.

STEPHEN A. PERRY, et al.,

    Defendants.

CIVIL ACTION NO. 05-5200 (MLC)

**MEMORANDUM OPINION**

**THE PLAINTIFF PRO SE** applies for in-forma-pauperis relief under 28 U.S.C. § 1915 ("Application"). The Court will address the Application before reviewing the complaint's sufficiency. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

## APPLICATION

The plaintiff contradictorily asserts that he (1) is currently employed, (2) has "received no income since early summer 2005. I am employed by the General Services Administration in Newark, New Jersey," and (3) has not received any money from a business or profession in the past twelve months. (App., at 1.) Thus, the Court cannot determine if he has recently received any income from any employment.

The plaintiff asserts that he does not own real estate or anything else of value. (Id. at 2.) According to Westlaw's "Asset Locator" library, (1) the plaintiff purchased a home in Wall, New Jersey, in 1991, (2) he is listed as the owner — along with his spouse — by a county tax assessor as of 2006, and (3) the home has an assessed value, as opposed to a market value, of

$190,800.  He also does not clarify whether he receives support from another person, e.g., his spouse.[1]

The Court will deny the Application because the plaintiff fails to show entitlement to in-forma-pauperis relief.  See Spence v. Cmty. Life Improv., No. 03-3406, 2003 WL 21500007, at *1 (E.D. Pa. June 26, 2003); Daniels v. County of Media, No. 03-377, 2003 WL 21294910, at *1 (E.D. Pa. Feb. 6, 2003).  It is the plaintiff's burden to "provide the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for in forma pauperis status."  Thompson v. Pisano, No. 06-1817, slip op. at 1 (3d Cir. Nov. 15, 2006) (dismissing appeal from order denying in-forma-pauperis application).  The plaintiff is not entitled to in-forma-pauperis relief merely because he has brought this action pro se and has expenses.  See Schneller v. Crozer Chester Med. Ctr., 201 Fed.Appx. 862, 862 (3d Cir. 2006) (dismissing appeal from order denying motion for in-forma-pauperis relief, as such relief not justified merely because plaintiff spent discretionary income elsewhere); Spring & Assocs. v. Johnson, No. 04-1555, 2005 WL 1384686, at *1 (D. Del. May 6, 2005) (denying application, as plaintiff received income recently and owned cars); Woodard v. Upland Mortg., No. 03-4382, 2003 WL

---

[1] Westlaw's "Asset Locator" library reveals that the plaintiff purchased his home, and refinanced the purchase, with the assistance of loans from the Navy Federal Credit Union.  The Court's own research reveals that his spouse may be employed in some capacity by the United States Navy.

22597645, at *1 (E.D. Pa. Oct. 27, 2003) (denying application, as plaintiff, inter alia, owned home), aff'd, 100 Fed.Appx. 127 (3d Cir. 2004).

**COMPLAINT**

### I. Law

The Court may dismiss a complaint sua sponte if it is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must construe a pro se complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not credit bald assertions or legal conclusions. Id. A complaint is frivolous if it lacks an arguable basis in law or fact, or contains "inarguable legal conclusion[s]" or "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989).

### II. Allegations

The plaintiff asserts in his twenty-five-page complaint that he is the "sole propriator [sic] of NABRA." (Compl., at 1.) The Court's own research — as the complaint lacks an explanation — shows that NABRA stands for National American Bulldog Rescue

3

Alliance.  The plaintiff lists as defendants four individuals employed by the United States General Services Administration ("GSA"), and "ABR Members 1 through 20," and notes that "[t]his includes defendants Mentioned by name, but not charged herein." (Id. at 1-3.)  ABR appears to be an organization concerning the well-being of bulldogs.

The plaintiff asserts that he is "a white male", he was employed by GSA, and there is jurisdiction here under Title VII and the Rehabilitation Act. (Id. at 3-4.)  He apparently bases his claims on the GSA's failure to accommodate his "anxiety/stress disorder," and exacerbation of this condition by creating a hostile work environment from 2002 through 2005.  (Id. at 5.)

The plaintiff states that he spoke to a GSA Equal Employment Opportunity ("EEO") counselor, and "[w]hen the EEO counselor was unable to resolve his concerns, [he] filed a formal complaint of discrimination" with the GSA.  (Id. at 5-6.)  He was then advised by an EEO officer that "one aspect of his complaint had been accepted for further processing," but the GSA dismissed the other claims therein — despite his request that they be reinstated — "citing untimelyness [sic]."  (Id. at 6-7.)  He has not advised the Court as to the status of the part of the formal complaint accepted for further processing.  He also appears to allege that he may be seeking further relief through the Merit Systems Protection Board ("MSPB").  (Id. at 23.)

The plaintiff then makes the following allegations:

31.1  Plaintiff exercised his right to pursue a public charitable interest.

. . .

31.5  In September 2002 Plaintiff gained control of intellectual property.

31.6  He exercised this control on behalf of a benevolant [sic] organization.

. . .

31.8  Others coveted the intellectual property in question.

31.9  They set about to acquire this property "by hook or by crook."

. . .

31.11 [T]hey contacted plaintiff's workplace . . ..

31.12 They conveyed false information to [GSA] employees.

31.13 Said information purported Plaintiff to be mentally handicapped.

. . .

39.1  Plaintiff states with certainty, that [GSA] employees were in contact with Defendant ABR members in late 2002.

39.2  Plaintiff believes that initial contact between [GSA] employees commenced weeks or possibly months earlier.

39.3  On it's [sic] surface, the contact between Defendant ABR members and [GSA] employees would best be described as a "citizen complaint" against a GSA employee (Plaintiff).

39.4  The matter complained about was alleged misuse of Plaintiff's official time to conduct private business.

. . .

39.9  [GSA] employees communicated with Defendant ABR members for in excess of one month.

39.10 During that month, Defendant ABR members provided a substantial amount of information to [GSA] employees.

39.11 This information supported of [sic] the contention by Defendant ABR members that Plaintiff is or was severely mentally handicapped.

39.12 This information was not based on fact, it was entirely comprised of conjecture and supposition on the part of Defendant ABR members.

. . .

51.1 In late April or early May 2005, ABR Associate Craig Boyd was indicted and convicted for dog fighting.

51.2 In his capacity as NABRA Sole Proprietor [sic], Plaintiff publicly advocated for a long jail sentence for Boyd.

51.3 Plaintiff had the support of ALDF (Animal Legal Defense Fund).

51.4 He had the support of "Pet-Abuse.com".

. . .

51.6 At the same time, Defendant ABR members were applying pressure to Plaintiff via a defamatory internet website.

51.7 ABR members also applied pressure to Plaintiff by a barrage of e-mail to his personal and his GSA accounts.

. . .

73.6 [GSA] employees befriended Plaintiff's advesaries [sic].

73.7 . . . Plaintiff's advesaries [sic] were actively engaged in a concerted effort to discredit Plaintiff.

. . .

74. . . . [GSA] employees operated in concert with Plaintiff's advesaries [sic] (hereinafter "Defendant ABR members").

(Id. at 8-17.)  The plaintiff also asserts that he "memoralized [sic] his state-of-mind via Internet posts postings."  (Id. at 18.)

### III. Complaint is Deficient

#### A. Fantastic allegations

The Federal Rules of Civil Procedure ("Rules") require that a complaint (1) contain "a short and plain statement of the claim," and (2) "be simple, concise, and direct."  Fed.R.Civ.P. 8(a),(e).  However, the complaint here presents a "dense thicket" of "incomprehensible" assertions.  Eisenstein v. Ebsworth, 148 Fed.Appx. 75, 77 (3d Cir. 2005) (affirming order dismissing complaint for, inter alia, violating Rule 8); Doumit v. Coldwell Banker Realtors, 135 Fed.Appx. 543, 544 (3d Cir. 2005) (affirming order dismissing pro se complaint).

The plaintiff's claims "involve fantastic factual scenarios . . . lack[ing] any arguable factual or legal basis."  Allen-Mensah v. O'Malley, No. 06-3387, 2007 WL 412194, at *1 (3d Cir. Feb. 2, 2007) (affirming judgment dismissing complaint alleging defendants experimented on plaintiff).  His allegations about "a sweeping conspiracy" against him involving GSA employees and an organization involved with bulldogs "surpass all credulity."  Caesar v. Megamillion Biggame Lottery, 193 Fed.Appx. 119, 120-21 (3d Cir. 2006) (affirming judgment dismissing complaint alleging conspiracy to steal winning lottery tickets), cert. denied, 127 S.Ct. 1150 (2007).  Also, the claims when viewed in their totality

7

are "delusional, irrational, [and] wholly incredible."  <u>Hines v. United States</u>, 166 Fed.Appx. 610, 611 (3d Cir. 2006) (dismissing appeal from order dismissing complaint alleging government torture).

    **B.**    **Failure to exhaust remedies**

The Court may address the failure to exhaust administrative remedies <u>sua sponte</u>, as it is "obvious from the face of the [<u>pro se</u>] complaint."  <u>Patel v. PMA Ins. Co.</u>, No. 97-5584, 1998 WL 175896, at 2 n.3 (E.D. Pa. Apr. 14, 1998) (concerning statute of limitations), <u>aff'd</u>, 182 F.3d 904 (3d Cir. 1999); <u>see</u> <u>Bieregu v. Ashcroft</u>, 259 F.Supp.2d 342, 354-55 (D.N.J. 2003) (concerning failure to exhaust remedies under Federal Tort Claims Act).

A federal employee asserting claims under Title VII and the Rehabilitation Act must exhaust all required administrative remedies, including receipt of notice of a final action by the agency at issue or the Equal Employment Opportunity Commission, before seeking relief in federal court.  <u>Johnson v. Gober</u>, 83 Fed.Appx. 455, 460 (3d Cir. 2003) (concerning Title VII); <u>Freed v. Consol. Rail Corp.</u>, 201 F.3d 188, 191 (3d Cir. 2000) (concerning Rehabilitation Act).

The plaintiff admits that a part of his formal complaint with the GSA remains pending.  Thus, the requirement of a final action is lacking here.  <u>See</u> 29 C.F.R. § 1614.107(b) (stating if agency dismisses some claims and allows others to proceed, then claimant

8

may not prosecute dismissed claims further until there is final action taken on remainder of complaint); Puckett v. Potter, 342 F.Supp.2d 1056, 1066 (M.D. Ala. 2004) (stating "agency's decision to dismiss is not considered final until the agency takes final action on the remainder of the administrative complaint that was not dismissed"). He also alludes to a pending MSPB proceeding.

## CONCLUSION

The complaint as submitted is frivolous and fails to state a claim on which relief may be granted. The Court will (1) deny the Application, (2) direct the Clerk of the Court to not file the complaint, and (3) designate the action as closed. If the plaintiff moves to reconsider, he must (1) pay the filing fee, see L.Civ.R. 54.3(a) (stating clerk will not file complaint "unless the fee therefor is paid in advance"), and (2) attach to the motion a proposed amended complaint that complies with the Rules, and clarifies whether the required administrative remedies or the proceedings before the MSPB, if any, have been exhausted. The Court will issue an appropriate order and judgment.

                                          s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge